IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-22021-CIV – WILLIAMS

LYNDSAY DRAVES,

    Plaintiff,

v.

TURBO POWER, LLC a/k/a
Turbopower LLC,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND DISMISSAL WITH PREJUDICE OF PLAINTIFF'S AMENDED COMPLAINT**

**COMES NOW**, Plaintiff, LYNDSAY DRAVES ("Plaintiff"), and Defendant, TURBO POWER, LLC, ("Defendant") (collectively referred to as "the Parties") by and through their undersigned counsel, pursuant to the Paperless Order dated February 24, 2022 [D.E. 22], and jointly file this motion seeking the court's approval of the parties' settlement and dismissal of Plaintiff's Amended Complaint with prejudice, and in support state the following:

    1.    On July 2, 2021, Plaintiff filed an Amended Complaint alleging[1] violation of the Families First Coronavirus Response Act (FFCRA) and Emergency Paid Sick Leave Act (EPSLA) under the Fair Labor Standards Act (FLSA).

    2.    In the Amended Complaint, Plaintiff alleged she was entitled to up to eighty of hours of paid sick leave under the Emergency Paid Sick Leave Act (EPSLA) and was retaliated against when Defendant allegedly terminated her employment after attempting to exercise her rights.

---

[1] Plaintiff also alleged discrimination and retaliation based on gender under Florida Statute § 760 and Title VII, however, those claims were resolved separately, and are not subject to this Motion for Court Approval.

CASE NO.: 21-22021-CIV – WILLIAMS

3. On or about March 16, 2022, the Parties executed a Settlement Agreement and General Release resolving all claims asserted in the Amended Complaint[2].

4. The Settlement Agreement between Plaintiff and Defendant evidences that the parties have reached a fair and reasonable resolution of a bona fide dispute.

5. Plaintiff alleges she was owed her hourly rate of $17.25 for up to 80 hours under the FFCRA/EPSLA in an amount up to $1,380. In response, Defendant asserts the following: (1) Plaintiff was previously paid for 80 hours of sick leave under FFCRA/EPSLA in 2020, and is not entitled to any additional hours of paid leave; Plaintiff did not submit the requisite documentation from her physician to establish entitlement to paid leave under the FFCRA/EPSLA; and Defendant did not retaliate against Plaintiff for allegedly requesting leave, as Defendant made the decision to terminate Plaintiff prior to the time she allegedly requested leave.

6. The parties reached a settlement of the FLSA/FFCRA/EPSLA claims, as reflected in the Settlement Agreement.

7. Finally, the parties respectfully request that the Court approve such Settlement Agreement and dismiss with prejudice all claims and causes of action asserted by Plaintiff arising out of this proceeding.

## MEMORANDUM OF LAW

The Parties dispute whether any liability exists in the instant action. Specifically, Defendant contends that Plaintiff was paid in full for her eighty hours of time off under the EPSLA, that Plaintiff is not owed any form of wage-based compensation and that Plaintiff is not entitled to any relief under the FLSA, EPLSA or FFCRA. Plaintiff, however, disputes these

---

[2] The claims for discrimination and retaliation pursuant to Florida Statute 760 and Title VII were resolved under a separate agreement, which does not require Court approval.

CASE NO.: 21-22021-CIV – WILLIAMS

contentions.

If this case proceeded to trial, Plaintiff may not have recovered anything. As such, to avoid the time, expense, and uncertainty of trial, the Parties have agreed to a settlement and dismissal with prejudice as to all causes of action in Plaintiff's Amended Complaint.

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the Court. *See Lynn's Food Stores, Inc. v. U.S. Department of Labor*, 679 F.2d at 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement to promote the policy of encouraging settlement of litigation. *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

The parties have agreed to settle all claims, and specifically the claims under the FLSA/FFCRA/EPSLA where Plaintiff alleges unpaid wages for 80 hours and retaliation. The parties agree that the settlement terms they reached represent a fair and equitable resolution of their dispute. Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of an agreed upon amount of attorneys' fees and costs. The attorneys' fees and costs were negotiated and agreed upon separately from the amount Plaintiff is receiving.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the parties' Settlement Agreement and (2) dismissing Plaintiff's Amended Complaint with prejudice.

CASE NO.: 21-22021-CIV – WILLIAMS

## CERTIFICATE OF SERVICE

HEREBY CERTIFY that on this 23nd day of March 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF Portal system.

| | |
|---|---|
| Gulisano Law, PLLC<br>5645 Coral Ridge Drive, Suite 207<br>Coral Springs, FL 33076<br>954-947-3972 – office<br>954-947-3910 – fax<br>michael@gulisanolaw.com – email<br><br>s/ Michael Gulisano<br>Michael Gulisano, Esquire<br>Florida Bar No.: 87573<br><br>*Counsel for Plaintiff* | COLE, SCOTT & KISSANE, P.A.<br>Esperante Building<br>222 Lakeview Avenue, Suite 120<br>West Palm Beach, Florida 33401<br>Telephone (561) 383-9222<br>Facsimile (561) 683-8977<br>Primary e-mail: karly.wannos@csklegal.com<br>Primary e-mail: rachel.beige@csklegal.com<br>Alternate e-mail:  donna.scott@csklegal.com<br><br> /s/ Karly A. Wannos<br>KARLY A. WANNOS<br>FL Bar No. 042451<br>RACHEL K. BEIGE<br>FL Bar No. 16366<br><br>*Counsel for Defendant* |