UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LYNDSAY DRAVES,

    Plaintiff,

v.                                                          CASE NO. 1:21-cv-22021-KMW

TURBOPOWER, LLC,

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made by and between LYNDSAY DRAVES ("Plaintiff") and TURBOPOWER, LLC ("Defendant").

WHEREAS, Plaintiff instituted the above-referenced action against Defendant, and the case is currently pending in the United States District Court for the Southern District of Florida; and

WHEREAS, Defendant denies liability herein and any wrongdoing with respect to Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved contingent upon[1]: (1) final payment pursuant to the terms of the settlement agreement and (2) final approval by the Court, as follows:

    1.    **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

---

[1] Resolution of this matter is also contingent upon the parties execution of a Settlement Agreement and General Release for the "non-FLSA" causes of action asserted in the Complaint, which does not require Court approval.

2. **RELEASE OF CLAIMS**.

  a. Plaintiff shall withdraw, in writing and with prejudice, any and all actions, claims or proceedings that she has filed against Defendant and/or its related entities for violations of the Fair Labor Standards Act or applicable Florida law seeking unpaid wages and/or overtime compensation, liquidated damages and attorneys' fees (FLSA), as well as claims asserted under the Emergency Paid Sick Leave Act (EPSLA) and the Families First Coronavirus Response Act (FFCRA). Specifically, upon execution of this Agreement, the parties shall file the Joint Motion for Approval of FLSA Settlement and Order of Dismissal With Prejudice, and Incorporated Memorandum of Law with the Court attached as Exhibit "A" to this Agreement.

  b. In exchange for the consideration identified in Paragraph 3 below, this Agreement shall constitute a waiver and release of all claims Plaintiff might have under the FLSA, EPSLA and FFCRA and/or applicable Florida law against Releasees [as defined in paragraph 2(c) below] for unpaid wages and/or overtime compensation, liquidated damages and attorneys' fees. Plaintiff hereby knowingly and voluntarily releases and forever discharges TURBOPOWER LLC, together with its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers or attorneys (collectively, "Releasees"), from claims of unpaid wages, overtime compensation, liquidated damages and/or attorneys' fees under the Fair Labor Standards Act of 1938, as amended, applicable Florida law, the EPSLA and FFCRA.

  c. In exchange for the separate consideration identified in Paragraph 3 below, Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendant together with its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and its past, present and future directors, officers, shareholders, members, employees, agents, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, heirs or attorneys (collectively "Releasees"), of and from any and all claims, whether known or unknown, anticipated or unanticipated, disclosed or undisclosed, against any of the Releasees, which Plaintiff has or might have as of the date of execution of this Agreement including, but not limited to, any claims arising out of or in any way connected with Plaintiff's employment with any of the Releasees. Such claims include, but are not limited to, any claim that has been, could have been or could be alleged against Releasees under:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act, as amended;

- The Americans with Disabilities Act of 1990, as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Worker Adjustment and Retraining Notification Act, as amended;
- The Fair Credit Reporting Act;
- The Fair Labor Standards Act of 1938, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Equal Pay Act;
- The Family and Medical Leave Act, as amended;
- The Florida Civil Rights Act – Fla. Stat. § 760.01, et seq.;
- Florida's Private-Sector Whistleblower's Act – Fla. Stat. §448.101 et seq.;
- Florida's Public-Sector Whistleblower's Act – Fla. Stat. §112.3187 et seq.;
- Florida's Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;
- Florida's Statutory Wage Rate Discrimination Law – Fla. Stat. § 448.07;
- The Florida Equal Pay Act – Fla. Stat. § 725.07;
- The Florida AIDS Act – Fla. Stat. § 110.1125, § 381.00 and § 760.50;
- Florida Discrimination on the Basis of Sickle-Cell Trait Law – Fla. Stat. §§ 448.075 et seq.;
- Florida OSHA - Fla. Stat. § 442.018(2);
- Florida's Wage Payment Laws – Fla. Stat. §§ 448.01, 448.08;
- Florida's Minimum Wage Act – §§ 448.109, 448.110;
- Florida's General Labor Regulations – Fla. Stat. Ch. 448;
- Florida's Domestic Violence Leave Act – Fla. Stat. §741.313;
- Florida's Preservation & Protection of Right to Keep & Bear Arms in Motor Vehicles Act – Fla. Stat. §790.251;
- Any other federal, state, or local civil or human rights law or any other local, state, or federal law, regulation, or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

    d.  If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasee identified in this Agreement is a party.

   3.  **CONSIDERATION**.

    a.  If (1) Plaintiff delivers to Defendant's counsel an executed original of this Agreement and W-9 forms executed by Plaintiff and Plaintiff's counsel and (2) the Court approves this settlement and enters an order dismissing the above referenced case

with prejudice, then, in consideration of the matters set forth herein, Defendant shall pay to Plaintiff the total sum of ($8,200.00) (hereinafter, the "Settlement Sum"). Such Settlement Sum shall be allocated as follows and delivered within seven (7) days of the court approving this settlement:

- $3,000.00, made payable to LYNDSAY DRAVES, as and for wages allegedly due her, which amount shall be subject to deductions and withholdings and for which an IRS Form W-2 shall issue to LYNDSAY DRAVES;

- $3,000.00, made payable to LYNDSAY DRAVES, as and for liquidated damages, which amount shall *not* be subject to deductions or withholding and for which an IRS Form 1099 shall issue to LYNDSAY DRAVES;

- $100.00, made payable to LYNDSAY DRAVES, as and for the confidentiality and non-disparagement provisions contained herein, which amount shall *not* be subject to deductions or withholding and for which an IRS Form 1099 shall issue to LYNDSAY DRAVES;

- $100.00, made payable to LYNDSAY DRAVES, as and for the general release of claims provision contained herein, which amount shall *not* be subject to deductions or withholding and for which an IRS Form 1099 shall issue to LYNDSAY DRAVES; and

- $2,000.00, made payable to GULISANO LAW, PLLC as attorneys' fees and costs and for which an IRS Form 1099 shall issue to GULISANO LAW, PLLC

Plaintiff understands and acknowledges that she would not receive the payments specified in this Paragraph, except for his execution of this Agreement, including the Releases contained herein, and his fulfillment of the promises contained herein.

b. Defendant makes no representations as to the taxability of the amounts paid to Plaintiff or her attorney. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or his attorney under the terms of this Agreement.

c. The parties have fully considered Medicare's interests, pursuant to the Medicare Secondary Payer rules, and in doing so, Plaintiff has declared that her claim does not involve any illness, injury, incident, or accident in which medical expenses were incurred. Plaintiff agrees to indemnify and hold harmless the Releasees, their insurance carriers, their attorneys and all others in privity with them, from any such claim, including, but not limited to, any direct claim by Medicare and/or Social Security for reimbursement of any funds paid by them relating to the injuries and claims arising from any such accident.

4. **RETURN OF PROPERTY**. Plaintiff represents that, as of the date of this Agreement, she has returned any and all documents, lists, data, confidential information, trade secrets, equipment or other property in her possession belonging to Defendant.

5. **AFFIRMATIONS**.

   a. Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against any of the Releasees except this lawsuit (Case No. 1:21-cv-22021-KMW).

   b. The parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made for violations of the Fair Labor Standards Act, EPSLA or FFCRA, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

   c. Plaintiff shall not apply in the future for employment with Defendant because of, among other things, irreconcilable differences with Defendant. This is a negotiated, non-retaliatory settlement term.

6. **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendant of any liability, unlawful conduct of any kind or violation by Defendant of the laws identified in this Agreement.

7. **CONFIDENTIALITY**.

   a. Except as required by law, rule, regulation or subpoena, neither Plaintiff nor her representatives including, but not limited to, her attorneys, shall disclose to any person or entity any information whatsoever regarding non-public information about: (i) the substance of this action; (ii) the facts surrounding this action or Plaintiff's claims of alleged unlawful or improper conduct by Defendants; or (iii) any matters pertaining to this action. If asked about the disposition of Plaintiff's claims, Plaintiff or her representatives will state only to the effect that **"...the matter has been resolved to the satisfaction of all parties concerned."** The above limitation does not include Plaintiff's disclosure of such information to Plaintiff's spouse, attorneys, accountants and/or professional tax advisers with whom she chooses to consult or seek advice regarding her consideration of and decision to execute this Agreement.

   c. Plaintiff acknowledges and agrees that any violation of Paragraph 7 will constitute a material breach of this Agreement, which will cause Defendant to suffer immediate, substantial and irreparable injury, in an amount which cannot be readily calculated, and such breach will be a sufficient basis for a court to award injunctive relief, attorney's fees and costs to the non-breaching party.

d. The Parties fully agree and understand that the Settlement Sum, as set forth in Paragraph 3, has been given in consideration for Plaintiff's full compliance with the terms of the Confidentiality provisions in Section 7 of this Agreement.

8. **NON-DISPARAGEMENT.** Plaintiff shall not disclose, communicate, make public or publicize in any manner any problems, issues or concerns she perceives she may have had with Defendant, their officers, employees (past or present) or businesses or give any information or make any statements which might tend to impugn, disparage, defame, discredit, or detract from Defendant, their officers, employees (past or present), businesses, pay practices, accounting, or bookkeeping. The Parties fully agree and understand that the Settlement Sum, as set forth in Paragraph 3, has been given in consideration for Plaintiff's full compliance with the terms of the Non-Disparagement provisions in Section 8 of this Agreement.

10. **CONSULT WITH COUNSEL**. Plaintiff acknowledges that she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice and has sought legal advice before executing this Agreement. Plaintiff acknowledges she enters into this Agreement voluntarily.

11. **WAIVER OF JURY TRIAL**. Plaintiff and Defendants hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any claims arising in connection with this Agreement and/or the facts underlying Plaintiff's claims.

12. **SEVERABILITY**. Except as set forth below, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

13. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Southern District of Florida. In the event that a party commences an action for damages, injunctive relief, or to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

14. **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between Plaintiff and Defendant, and supersedes any other prior oral or written agreements, understandings, representations or warranties between the parties, except any non-compete, non-disclosure, confidentiality or other restrictive covenant agreements, which remain in full force and effect.

15. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

PLAINTIFF ACKNOWLEDGES THAT SHE HAS NOT RELIED ON ANY REPRESENTATIONS, PROMISES, OR AGREEMENTS OF ANY KIND MADE TO HER IN CONNECTION WITH HER DECISION TO SIGN THIS AGREEMENT, EXCEPT THOSE SET FORTH IN THIS AGREEMENT.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE AGREEMENT, THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH "3" ABOVE, LYNDSAY DRAVES FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: March 15th, 2022

_____
**LYNDSAY DRAVES**

Dated: March 9th, 2022

**TURBOPOWER, LLC**

By: _Connie Gutierrez_

Print name: Connie Gutierrez

Its (title): Director of Human Resources